HENRY McAULEY, Appellant, *v.* THE CITY OF CHICAGO, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The law raises a presumption in favor of the regularity of all proceedings levying assessments, which must be rebutted by showing affirmatively, that something was omitted or improperly done, if they are to be defeated.

An additional notice to parties interested, is not required, where an assessment is postponed from one meeting of the Common Council to another.

THIS was a suit instituted below, upon an *assessment warrant*, by the collector of Chicago, under the provisions of the act entitled " An Act to amend the act entitled ' An Act to reduce the law incorporating the city of Chicago, and the several acts amendatory thereof, into one act, and to amend the same,' " approved February 16, 1857.

Under section forty, of said act, the city collector, at the January special term of said court, filed his report for judgment against the several lots, set out and described in said warrant, for the planking and filling of Lumber street, in said city, and obtained a judgment against certain lots of appellant, for the sum of $533.78, besides ten per cent. added, and costs.

It appears that said report of the collector to said court, was a general report of the taxes unpaid of the year 1858, and the annual tax roll, as well as a report on this special warrant for *this* assessment; while this assessment warrant is dated and issued upon the 9th day of October, A. D. 1857,—more than one year previous to this application for judgment.

It appears that the warrant, dated in October, 1857, was delivered to the city collector, with the other warrants, as appears from his report to the court for judgment, only on or before the second Tuesday of October, 1858, when it had been in fact issued prior to the second Tuesday of October, 1857, and a court had been held in January following the first Tuesday of January in 1858, to which the city collector had returned all his warrants uncollected for 1857.

There were two assessment rolls returned in this case, and only *one* notice given of the confirmation, *one* notice given by the commissioners of their meeting, and *one* notice to present objections to the Common Council, and only one opportunity given to take any appeal from the action of the Common Council. (See section 38, chapter 7, of city charter.) All these notices were given before the new assessment roll was filed, and no notice afterwards was given.

The order to fill and plank Lumber street, was passed April

27, 1857, and three commissioners were appointed to make the assessment.

These commissioners returned their assessment roll to the city clerk's office, on May 18, 1857, and notice was given to all persons interested, that they must file their objections in writing, in the city clerk's office, on or before the first day of June, 1857.

On June 1st, 1857, the following appears on the Common Council proceedings:

" The clerk presented assessment roll for planking Lumber street, and opening alley on block 111, school section, together with objections thereto. Referred to committee on local assessments."

July 20, 1857, the following appears:

" Alderman La Rue, of committee on local assessments, to whom was referred the 'assessment roll for planking Lumber street, together with objections thereto, recommended that assessment roll be rescinded. Referred to the commissioners with instructions to report, explaining the basis of their assessments."

August 10th, 1857, the following appears:

" The committee for making the assessment for planking Lumber street, to whom was referred the roll for explanation, reported thereon, asking leave to make certain amendments.

" Alderman La Rue moved to proceed to elect commissioners to make a new assessment, and demanded the ayes and nays, which resulted as follows: ayes, 7; nays, 9; and on motion the roll was *referred back for amendment.*"

HOYNE, MILLER & LEWIS, for Appellant.

E. ANTHONY, for Appellee.

CATON, C. J. The only question raised upon this record by the assignment, not decided in other cases at this term, which we deem it necessary to notice, is that which is presented by the objection, that the commissioners amended the assessment first filed by them, without authority, and without having published any new notice, and that no notice was published by the city clerk after the amended assessment was filed, for owners to appear before the Common Council, to object to the assessment and ask for its correction there.

The report of the collector, asking for judgment, appears in this record to be regular, and to justify the judgment, unless a proper defense was shown on the hearing, by the owner of the premises. The owner appeared and showed in defense, the ordinance directing the improvement and the assessment, and the appointment of commissioners to make the assessment; also

a report of the commissioners, containing an assessment roll, dated the 13th day of May, 1857, upon the back of which, appears the following memoranda : " Referred back to commissioners, with instructions to report, explaining the basis of the assessment, July 20th, 1857," " Referred back to commissioners for amendment, August 10th, 1857 ;" and afterwards, but on what day it does not appear, the commissioners attached to their report another assessment roll, by which the assessment upon the property in question, was increased over the amount stated in the first roll. Notice to the owners of property, dated the 18th of May, 1857, was published, notifying them that the assessment had been returned by the commissioners, and to attend the Common Council on the first of June, and make objections to the assessment. The owner of the land then introdueed in evidence, an ordinance, passed by the Common Council on the 5th of October, 1857, as follows : " Whereas due notice has been given by the city clerk, of the return of the foregoing assessment roll, and objections thereto having been filed. It is therefore ordered that the said assessment, as revised and corrected by the council, be and the same is hereby confirmed, and such assessment is hereby required to be paid within thirty days from this date, and that a warrant be issued for the collection thereof, returnable in thirty days from this date." The revised and corrected assessment to which this ordinance refers, does not appear to have been offered in evidence. But that may not be very important, as we see by comparing the collector's return with the amended assessment roll, made by the commissioners, that the Common Council did not change the assessment upon this property.

The defendant then introduced records of proceedings of the council, in relation to this assessment, under dates respectively of June 1st, and July 20th, and August 10th, 1857. But there is no evidence showing that these were all the proceedings of the council on the subject, even of those dates. Indeed the inference is very strong, that the defendant did not introduce all the proceedings. All we have of the proceedings on the last day named, is an entry, showing that the committee to whom the assessment roll had been referred, " reported thereon, asking leave to make certain amendments," and the next is, (without showing any disposition of this report,) a motion by alderman La Rue, that the council proceed to elect commissioners to make a new assessment; which motion was lost. And here the defendant stopped with his evidence, without showing by the city clerk, or in any other way, that these were all the proceedings of the council on the subject, till the passage of the final order of confirmation, on the 5th of October following. The law

raises a presumption in favor of the regularity of all the proceedings levying the assessment, by requiring the court to render a judgment upon the report of the collector, which is not required to refer to or state any of them, but merely to describe the land, and state the amount of the assessment against each parcel. It was for the defendant to overcome this presumption by showing affirmatively, that something was omitted or improperly done. There was no difficulty in proving by the city clerk, that the council had never referred the assessment back to the commissioners, and required them to correct it; or that the council had never corrected it themselves, or that there was no such corrected assessment roll, as is referred to by the ordinance of the 5th of October, 1857. The absence of such proceedings is as capable of proof, as any affirmative fact, which a party is ever required to establish in a court of justice. Nor does the statute require any additional notice to be given, when an assessment is referred back to commissioners, nor in case the consideration of the assessment is postponed or laid over, from one meeting of the Common Council to another. We are of opinion that the owner of the land has not sustained the objections which he interposed in the court below, and the judgment must be affirmed.

*Judgment affirmed.*