HARVARD LAW SCHOOL LIBRARY

TIMOTHY WRIGHT

*v.*

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS—*of the "investigation" required in assessing special benefits.* The 14th section of chapter 2 of the amended charter of 1867, of the City of Chicago, does not require, for the purposes of investigation in reference to the assessment of special benefits, to be derived from certain proposed public improvements, that the Commissioners of Public Works should go upon the ground, or streets sought to be improved, and there investigate. It is sufficient that they investigate the matter in their office, as they are presumed to know all the peculiarities of the locality, and familiar with the subject.

2. SAME—*requisites of the commissioners' report, in that regard.* Where the report of the commissioners in respect to the assessment of special benefits, shows they found and estimated the benefits to private property, relatively to that of the whole city, and assessed such property accordingly, that is sufficient,

without the use of the word " investigate," in that connection. It will be presumed the commissioners thoroughly investigated the whole subject.

3. SAME—*of the grounds for omitting certain property from an assessment.* *Quære,* whether it is not a sufficient reason for omitting certain property from an assessment for benefits to be received from a proposed improvement, that it is to be included in a future assessment for other improvements.

4. SAME—*how far the action of the commissioners is final.* But, at any rate, the determination as to what property shall be assessed, and what omitted, cannot depend upon the judgment of any other persons than the commissioners, and their judgment must stand unless impeached for fraud.

5. So it is not competent, on an application for a judgment against certain lots, on a special assessment warrant, to prove that lots omitted from the assessment, were specially benefited by the improvement, as much as other lots that were assessed therefor.

6. SAME—*of impeaching the report of the commissioners by their own testimony.* It is not competent to impeach the return of the commissioners, or to show they violated the oaths they had taken, before making an assessment, by their own testimony. The commissioners, in making such an assessment, act in a *quasi* judicial capacity, and cannot be called on, in any tribunal, to inculpate themselves, or show reasons for their action, or stultify themselves.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

This was an application in the court below for a judgment against certain lots in the City of Chicago, on a special assessment warrant, for certain public improvements.

The report of the Board of Public Works, upon which the proceeding is based, was as follows:

" *To the Mayor, &c.:*

" The Board of Public Works having received an application for the improvement of Kinzie street, from the west line of Clark street to Kinzie street bridge, recommend that" certain specified improvements be made " in the manner particularly described in the accompanying drawing, and in the ordinance herewith submitted directing the work to be done.

The contemplated improvement is not asked for by the petition of the owners of a majority of the property to be assessed for such improvement."

Then follows an estimate of the total expense of the proposed improvement, which is fixed at $31,183.75. The report concluding as follows:

"It is the opinion of the board, that of this estimate of expense, the sum of $23,840.04 may be properly chargeable to real estate specially benefited by the said proposed improvement, and that the sum of $7,343.71 may be properly chargeable to, and paid out of, the general or some specific fund, provided by general taxation.

"It is also the opinion of the board, that real estate to be assessed for said improvement, can be found specially benefited to the extent of the damages, costs and expenses necessary to be incurred thereby."

Appended to the assessment roll is the following certificate of the Commissioners of the Board of Public Works:

"The undersigned hereby certify, that they have completed the assessment roll, amounting to $23,840.04, the sum ordered by the Common Council of the City of Chicago, to be assessed by the Commissioners of the Board of Public Works, upon the real estate by them deemed specially benefited by the" proposed improvement; "and that said assessment has been made upon the real estate deemed by them specially benefited by the said improvement, in proportion, as nearly as may be, to the special benefits resulting thereto; that before proceeding to make such assessment, they were duly qualified before entering upon their duties, as appears by the oath hereto attached; that they then gave six days' notice, by publication in the *Chicago Republican*, the corporation newspaper of the City of Chicago, of the time and place of their meeting, for the purpose of making such assessment, said publication being

completed previous to such meeting, as appears by the certifi-
cate of publication hereto annexed; that they were present
at the time and place, and for the purpose designated in the
said notice, and did then and there, and do hereby, assess the
respective amounts set opposite to each separate block, lot,
sub-lot, piece or parcel of land in the foregoing assessment roll
mentioned, in their appropriate columns, as the special benefits
resulting thereto from said contemplated improvement."

On the trial in the court below, the defendants, against
whose property the judgment was sought to be obtained, pro-
pounded to A. H. Burley, one of the Commissioners, the fol-
lowing interrogatories:

1. State if you know whether the Board of Public Works
examined the lots assessed, before reporting to the Common
Council the ordinance directing said work to be done.

2. State if you know whether the Board of Public Works,
before or at the time of making said assessment, determined
that lots one (1), two (2) and three (3), in block three (3); lots
four (4) and five (5), in block two (2), and lot four (4) in block
four (4), all of the original town of Chicago, would not be
benefited by said assessment.

3. State if you know what was the reason for the omission
of said lots from said assessment.

4. State if you know whether the Board of Public Works
omitted said lots from the assessment, for the reason that said
lots had been assessed, or were about to be, for the making of
improvements on other streets.

5. For the payment of what debts, if any, of the City of
Chicago, was said assessment made?

6. Is the City of Chicago indebted for the making of said
improvements, and is said assessment made for the purpose of
paying said debts?

7. State if you know whether lots three (3) and four (4), in block six (6), of the original town of Chicago, are more benefited by said assessment than lot five (5), in block two (2), and the lot immediately opposite on the north ?

To each and every one of the foregoing questions, the counsel for the city objected, and the court sustained said objections, and the witness was not permitted to answer any of said questions. To which ruling of the court, the defendants then and there excepted.

The trial resulted in a judgment against the lots, from which the owners appealed to this court.

The specific grounds upon which error is assigned, are set forth in the opinion.

Messrs. SHOREY & HAYES, and Mr. SANFORD B. PERRY, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an application to the Superior Court of Chicago, for a judgment on a special assessment warrant for improving a certain portion of Kinzie street in that city.

Various objections were taken to the proceedings, by the appellant, all of which were overruled, and a judgment was entered as prayed.

To reverse this judgment, the record is brought here by appeal.

It is unnecessary to specify the several objections, as the points involved in them have been settled by prior decisions of this court.

Much stress is laid by appellant on the fact, that it does not appear, in so many words, that the Commissioners of Public

290                WRIGHT *v.* CITY OF CHICAGO.                [Sept. T.,

Opinion of the Court.

Works did, in fact, investigate whether there was any real estate which would be specially benefited to the extent of the assessment, over and above the city at large; or, that the common council, when passing the ordinance, had before it any evidence derived from such an investigation, that there was such property.

The word "investigate," is not found in the report of the commissioners, but there is found in it a substantial compliance with the ordinance providing for the improvement, and it shows they found and estimated benefits to private property, relatively, to that of the whole city, and assessed such property accordingly.

In *McAuley* v. *The City of Chicago*, 22 Ill. 563, referred to by appellant, it was held that the law raised a presumption in favor of the regularity of all the proceedings levying the assessment, by requiring the court to render a judgment upon the report of the collector, which, it is not requisite, should refer to, or state any of them, but merely describe the land and state the amount of the assessment against each parcel. It was for the defendant to overcome this presumption, by showing affirmatively that something was omitted or improperly done.

The fourteenth section of chapter 2 of the amended charter, does not require, for the purposes of investigation, that the commissioners of public works should go upon the ground, or streets sought to be improved, and there investigate. Full investigation of a subject, be it moral, political, or philosophical, can generally be better pursued in the closet than in the open air, in crowded streets. Eminent lexicographers define investigation to be, the action or process of searching minutely for truth, facts, or principles; a careful inquiry to find out what is unknown, either in the physical or moral world, and either by observation and experiment, or by argument and discussion. Thus we speak of the investigations of the philosopher and the mathematician; the investigations of the

judge, the moralist, and the divine, and, may we not add, of boards of commissioners of public works?

It must be presumed, these commissioners, as they were sworn to do, thoroughly investigated this matter in their office, and discussed, fully, the merits of the whole subject, knowing, as they are presumed to have known, all the peculiarities of the locality, and familiar with the subject.

The result of their investigation was this report to the common council, accompanied by the required ordinance. All the proceedings subsequent thereto, have been in strict compliance with the charter, and are faultless.

It is objected by appellant, that the court excluded testimony offered by him for the purpose of establishing the fact, that certain lots specially benefited by the proposed improvement, were omitted from the assessment, for the illegal reason, that those lots and blocks either had been, or were about to be, assessed for improvements on other streets, and he complains that he was not permitted to show, by evidence, that lots omitted from the assessment, were specially benefited by the improvement, as much as other lots that were assessed therefor.

As to the first matter of complaint, we are not prepared to say, the reason given for omitting certain lots, that they were to be included in a future assessment for other improvements, was not a good reason for omitting them; at any rate, the improvement in progress was not to depend upon the judgment of any other persons than the commissioners of the board of public works, and they, in their judgment, sworn to exercise it fairly and honestly, deemed it proper to omit them. And the same may be said of the remaining matter of complaint. The commissioners were the sole judges in the premises. On their oaths they have reported that the lots assessed were specially benefited by the proposed improvement, and their judgment must stand unless impeached for fraud. On

this branch of the case, we refer to *Elliott* v. *The City of Chicago, post,* and *City of Chicago* v. *Burtice,* 24 Ill. 489.

It is also complained by appellant, that certain questions were propounded to A. H. Burley, one of the commissioners, which the court disallowed, and we think properly. The scope and object of the interrogatories, was to impeach the return of the commissioners, and to show they violated the oaths they had taken before making the assessment. These commissioners were acting in a *quasi* judicial capacity, as they were required to investigate, deliberate, and decide upon the question before them, and it is unprecedented, that persons in such a situation can be called on, in any tribunal, to inculpate themselves, or show reasons for their action, or stultify themselves.

The remaining point is, that the court allowed one per cent. per month as damages. We see no error in this, as it conforms to the rule in *Scammon's case,* 44 Ill. 269.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*