THE COMMISSIONERS OF THE MASON AND TAZEWELL SPECIAL DRAINAGE DISTRICT

v.

WILLIAM L. GIFFIN ET AL.

*Drainage—Enlargement of District—Notice—Certiorari—Act of 1885.*

1. When a drainage district embraces land in two counties, a proceeding by *certiorari* to review the proceedings of the commissioners is within the jurisdiction of the Circuit Court of either county.

2. Upon the proposed enlargement of a drainage district, it is necessary to give the same notice as is required when such district is originally formed.

3. In the case presented, the notice of the proposed enlargement was insufficient, the first publication thereof having been eighteen days before the term of the court at which the parties interested were to be heard, instead of twenty days, as required by the act of 1885.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Messrs. WALLACE & PRETTYMAN, for appellant.

Messrs. JAMES H. SEDGWICK and GEORGE RIDER, for appellees.

CONGER, P. J.   This was a proceeding by *certiorari* to review the proceedings of the commissioners of the Mason and Tazewell Special Drainage District, whereby it was attempted to enlarge the original boundaries of the district, by attaching thereto the lands and highways within certain prescribed limits, under and by virtue of the provisions of Sec. 42 of the drainage act of 1885, Sess. Laws 1885, page 91.

In the Circuit Court these proceedings of the commissioners were quashed and they bring the case here for review.

It is insisted that the Circuit Court of Tazewell county had no jurisdiction of the subject matter, for the reasons that the district was organized in the County Court of Mason county, and their office was in Mason county. The original district comprised territory in both Mason and Tazewell counties, and the lands sought to be annexed are principally in Tazewell county.

We do not think this objection well taken. Appellant is a corporation originally created in both counties, and, by the proceedings which are in this record questioned, operating upon the lands in both counties, and we are therefore of opinion the Circuit Court of either Tazewell or Mason had jurisdiction of the subject-matter.

A number of questions are discussed with great ability, but we deem it necessary to notice but one, and that is whether the proper notice as required by law, was given.

Section 42 of the act of 1885 does not in terms require notice to be given of the proposed action of the commissioners, but provides: "Drainage commissioners may at any time enlarge the boundaries of their district by attaching new areas of land, which are involved in the same system of drainage, and require for outlets the drains of the district made or proposed to be made, as the case may be, on the petition of as great a proportion of the land owners of the district so enlarged as is required for an original district."

In determining the question of enlargement, the commissioners must determine whether the new area which is proposed to be included in the district, "is involved in the same system of drainage, and requires for outlets the drains of the

district," and in determining this question they must investigate, deliberate and decide, in doing which they act in a *quasi* judicial capacity. Wright v. City of Chicago, 48 Ill. 285.

We are inclined to think that a fair construction of the law of 1885 contemplates the same notice when a district is enlarged, as is required when it is originally formed, and this seems to have been the theory upon which appellant proceeded, as there appears from the record an effort to give the notice as required by Sec. 50 of said act.

That section requires notice by posting notices in at least five public places in each township in which said proposed district, or any part thereof shall lie, also by publishing for three successive weeks a like notice in some weekly newspaper in said county or counties, which said notice shall contain a copy of the petition, and state the day of the term of court when such petition and all parties interested will be heard. The posting and first publication of said notices shall be at least twenty days before the hearing of said petition.

The first publication in Tazewell County was upon the 23d of December, and the hearing before the commissioners was upon the 10th day of January thereafter, making but eighteen days, instead of twenty, as required.

If notice was required at all, a failure to give it would be fatal to the jurisdiction of the commissioners to act.

We are inclined to think, therefore, that the proceedings of the commissioners in attempting to enlarge the district were fatally defective for want of the requisite notice, and that the judgment of the Circuit Court, in quashing such proceedings, should be affirmed.

*Judgment affirmed.*