SIMON RYDER ESTATE

*v.*

THE CITY OF ALTON.

*Opinion filed October 24, 1898.*

1. MUNICIPAL CORPORATIONS—*while in his custody clerk may amend record to show the facts.* The action of the city council in approving the report of the committee appointed to estimate the cost of a proposed improvement is not vitiated by the fact that at the time the council record was examined by a certain witness the clerk had not recorded such action, which he afterwards did record.

2. SPECIAL TAXATION—*when an ordinance forms sufficient basis for spreading tax.* A sewer ordinance which provides that the cost of

the improvement be paid by special taxation of contiguous property in proportion to frontage, except a designated portion thereof, the cost of which is to be paid by the public, is sufficiently specific, as the estimate of the committee of the cost of the two portions furnishes sufficient data for spreading the tax.

3. SAME—*effect where sewer outlet has not been constructed.* An ordinance for the construction of a sewer by special taxation will not be declared invalid, so as to defeat confirmation of the tax, because the ordinance provides for the outlet by a connection with another sewer which has not, in fact, been constructed when the tax is sought to be levied.

4. EVIDENCE—*what irrelevant on application for confirmation of sewer tax.* Upon application for confirmation of a special tax for a sewer, evidence that the improvement as constructed will be a menace to health, the outlet specified in the ordinance having not been opened at the time of confirmation, is properly refused as irrelevant.

5. SAME—*commissioner cannot impeach his sworn report.* A report of special tax commissioners, the oath to which bears their signatures and is certified by a notary public, cannot be impeached by the testimony of one of the commissioners, nor can he impeach the foundation upon which the report rests.

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

TRAVOUS & WARNOCK, for appellant.

HENRY S. BAKER, Jr., for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

In 1895 the city council of the city of Alton passed an ordinance providing for the building of a sewer in Langdon street, commencing at Eighth street and extending to its intersection with an underground sewer to be built and constructed in Front street, which last named sewer was to be built by the St. Clair, Madison and Belt Railroad Company under an ordinance granting said railroad company certain privileges and franchise, and by virtue of a resolution of the city council authorizing and approving the Front street sewer, to be known as the "Burlington Intercepting Sewer." The ordinance provided that at

Eighth and Langdon streets the sewer should be placed at a depth of twelve feet below the surface of the street, at Seventh and Langdon streets fourteen feet below, at Sixth and Langdon streets fifteen feet below, and at its intersection with the intercepting sewer ten feet below. After the adoption by the city of the ordinance providing for the building of the sewer and paying for a certain part thereof by general taxation, the residue being apportioned as a special tax on the contiguous property in proportion to frontage, a committee was appointed to make an assessment of the cost of the sewer, who reported the same to the city council. A petition was filed, and certain lot owners appeared and filed objections to confirming the assessment roll. The objections embodied in the abstract are: First, that the assessment was unauthorized, and the proceeding thereunder was null and void; third, that the ordinance is void as requiring another cost to be assessed against the abutting property in proportion to frontage, without reference to benefits to accrue; sixth, that the property of objectors had not been and will not be benefited by the construction of said sewer; seventh, that there was no outlet for said sewer; tenth, that the commissioners appointed to make the assessment did not take the oath required by law; fourteenth, that the sewer is improperly constructed and is a menace to public health; fifteenth, that the ordinance is void because the city council did not in the ordinance, or in any way, determine or fix the sum to be assessed as a special tax, or give any data by which such sum could be easily determined; nineteenth, because the ordinance does not specify the nature, character and description of the improvement, as required by statute.

In argument appellant referred to a part of the above objections. Certain legal objections were overruled and evidence offered on certain objections triable before a jury was excluded, which action presents the questions for determination on this record.

The first objection is, that the report of the committee making an assessment of the cost of the improvement was never approved by the city council. It was attempted to be shown by certain witnesses who examined the records of the city clerk of the city of Alton, that the same, when examined by them, did not show that the committee appointed under the ordinance made a report which was approved. The record produced recites that the special committee appointed under the ordinance made a report, which was approved, all the members voting aye, and then sets out the report as made to the city council. Whether the record was written up at the time the examination was made by the witnesses called is not shown, for no attempt was made to show that the record of the council as produced by the city clerk was wrong. Where an officer of a municipal corporation having charge of the records produces the same as the record, the same can be attacked only for fraud; and if the record was not written up at the time it was examined by the witnesses, the clerk may amend the same according to his knowledge of the truth, so long as he has the custody thereof as clerk. (*Mott* v. *Reynolds*, 27 Vt. 206.) Nor will the writing up of the record according to the actual facts vitiate the acts of the council because it may not have been written up at a time when a certain witness sought to examine the same. (*Town of St. Charles* v. *O'Mailey*, 18 Ill. 407.) A city council may, unless private rights have attached, order the record of its own proceedings to be corrected according to the facts, even after it has once been approved. It was shown that the council did approve the report of the committee. The objection made, that the filing of the petition for assessment was unauthorized and the proceedings had thereunder were null and void, was properly overruled.

It is next objected that the ordinance does not fix the amount of money to be assessed by the commissioners as a special tax. Section 3 of the ordinance provides that

175—7

the entire cost of this improvement shall be paid for by special taxation, except a portion of the sewer mentioned, which is to be paid for by the city. Where an ordinance directs the levy of the total cost of the improvement,—excluding street intersections and the right of way of railroad companies,—and provides for its assessment on abutting property in proportion to frontage, by fixing the total tax to be levied the cost may be ascertained, under the statute, by the committee. (*Green* v. *City of Springfield*, 130 Ill. 515.) The record in this case shows the commissioners appointed by the county court under the petition filed therein did not assess the total amount of the cost against the property owners, but excluded therefrom the cost of the construction of the said sewer through a certain square. From the report of the committee to the council the commissioners were able to determine the exact cost of the sewer through the public square, which was to be paid for by the city, and the total cost having been determined, sufficient data were given to determine the amount to be apportioned according to frontage, as it was a simple question of subtraction to determine the total amount charged to property owners, being the total cost less the amount to be paid for by the city.

It is next objected that the ordinance fails to specify the nature, character and description of the improvement, as required by the statute. The first section of the ordinance declares that the sewer shall commence at a point where the center line of Eighth street intersects the center line of Langdon street, at which point said sewer shall be placed twelve feet below the surface of Eighth street; thence the sewer is to be laid along the center line of Langdon street until it intersects the center line of Seventh street, at which point the sewer is to be placed at a depth of fourteen feet. The description continues along Langdon street in the same manner, giving its depth in Sixth street, in Seminary square, in

Fourth street, in Third street, in Second street and in Front street, and the point where the connection with the Front street sewer is made. This is sufficiently certain as to the character and location of the improvement, and the nature and description of the same are not objected to.

Objection is made that there is no outlet to the sewer, inasmuch as the proposed outlet is at a point where a sewer is to be constructed. That cannot affect the validity of the ordinance or the right to levy the special tax and spread the assessment. In *Maywood Co.* v. *Village of Maywood,* 140 Ill. 216, an objection was urged that the outlet for the sewer was on private property, and it was held that whether the right had been exercised to demand an outlet, or whether the right of way was otherwise acquired at the time such assessment was made, could make no difference as to the validity of the assessment. In *Burhans* v. *Village of Norwood Park,* 138 Ill. 147, it was held that the fact that the proposed system of sewerage in the village had no outlet except over private ground would be no reason for declaring the ordinance void before the ground had been obtained, by condemnation or otherwise. To the same effect is *Payne* v. *Village of South Springfield,* 161 Ill. 285. The ordinance upon its face provides for an outlet, and that is all that is required. The ordinance cannot be declared void because the outlet was not in fact constructed at the time the assessment was sought to be made.

Objection is made that the improvement is unreasonable and would be a menace to the public health. This evidence was excluded by the court, on appellee's objection. Under article 9 of the City and Village act, conferring upon cities and villages authority to make local improvements by special assessment or by special taxation, it is competent for them to declare what shall be a local improvement, provided the said improvement is reasonable and proper. A sewer is clearly a local im-

provement, and conserves the public health. There was here an attempt to show that the sewer would be a menace to public health by reason of the fact that an outlet had not been opened, the ordinance providing for its emptying into a sewer to be thereafter constructed. It was within the power of the city council to so provide, and there was not an unreasonable exercise of that power. The offer of proof of the construction of the sewer without having an outlet opened was not relevant evidence, and it was not error to refuse to permit the same to be introduced.

It is finally objected that the commissioners appointed by the county court to make the assessment did not take the oath required by law. The objectors called as a witness Z. B. Job, one of the commissioners, and offered to prove that the paper which purported to be the oath taken by the commissioners was not in fact sworn to by them. It appeared that the oath required of the commissioners had been signed by them, and the notary public had certified, under his hand and seal, that they had taken the oath. One of the commissioners cannot be heard to impeach his own report, nor can he impeach the foundation upon which the report rests. It was not error in the court to refuse to hear evidence from one of the commissioners that the oath had not, in fact, been administered to him. *Wright* v. *City of Chicago,* 48 Ill. 285; *Quick* v. *Village of River Forest,* 130 id. 323.

The above are the only objections urged, and it is unnecessary for us to consider others, as the objections thereto may be considered waived.

The judgment of the county court of Madison county is affirmed. *Judgment affirmed.*