## Anthony W. Stanmeyer v. Flora Rosenwald.

### Gen. No. 12,058.

1. CERTIFICATE OF EVIDENCE—*when must be signed.* A certificate of evidence must be signed by the chancellor at the decree term or within such time as the court has by order retained jurisdiction for that purpose.

2. CERTIFICATE OF EVIDENCE—*when order granting appeal does not retain jurisdiction for purpose of signing, after lapse of decree term.* An order as follows: "Appeal prayed and allowed on filing bond in the sum of $400 within twenty days, and certificate of evidence in —— days," does not retain jurisdiction in the court for the purpose of signing a certificate of evidence after the lapse of the decree term.

3. CERTIFICATE OF EVIDENCE—*when time limit fixed by order for presentation of, expires.* Where an order fixing the time for the presentation of the certificate of evidence limits the same to a specified day, all of that day is allowed for that purpose.

4. CERTIFICATE OF EVIDENCE—*effect of striking from transcript.* The effect of striking a certificate of evidence from the transcript of the record does not necessarily result in the affirmance of the decree appealed from.

5. RECEIVER—*when disbursements for taxes, etc., properly disallowed.* Where the findings of the decree appealed from justify

the disallowance of disbursements made for taxes, etc., such disallowance, however hard it may seem, is proper where the evidence upon which such findings are predicated is not preserved by certificate of evidence properly in the transcript.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 17, 1905.

**Statement by the Court.** Pankratz Weidner filed a bill in chancery in the Superior Court of Cook county against Katherine Martin and various other defendants, in March, 1897, to foreclose a trust deed made by Katherine Martin to secure an indebtedness of $2,400. Among the defendants was Louis J. Blum, who was the holder of a sheriff's certificate of sale of the premises described in the trust deed. Said certificate was based on a judgment against Katherine Martin, the owner, and mortgagor. On this sale the time for redemption was about to expire. When Blum afterward answered the bill that time had expired and a sheriff's deed was issuable to the holder of the certificate. Flora Rosenwald, the appellee, then Flora Blum, became, by assignment from Louis J. Blum, the holder of said certificate, and April 14, 1897, a sheriff's deed issued to her of the said premises, which were land and a building thereon at 1963 West Lake street in Chicago.

By an order in the foreclosure cause entered, as it recites, on due notice to all parties in interest, Anthony W. Stanmeyer, the appellant here, was appointed receiver of said premises May 6, 1897, the order providing that he should "take charge of said premises until the further order of the court and rent the same and collect the rents and profits accruing from said premises," and that he had leave "out of any moneys received by him as such receiver," to "pay the taxes and assessments on said premises, procure necessary insurance, and make such repairs thereon as may from time to time be necessary, and do all other things to preserve said property as may be necessary and proper," and that he should "report to the court when directed his acts

and doings as such receiver and the moneys received and paid by him," and that he had leave "to apply to the court from time to time for such orders or directions as may be necessary." Said receiver took possession of said premises immediately and continued in possession until April 5, 1899, and collected as rent for the entire term of his possession $295.

January 4, 1898, under a decree of the Superior Court rendered in the foreclosure suit, the premises were, by a master in chancery, sold to the complainant in said suit, Pankratz Weidner, for the full amount of the indebtedness due to the complainant under the said decree of sale, $3,722. April 5, 1899, a master's deed of said premises was executed and delivered to Pankratz Weidner, and on the same day the receiver, Stanmeyer, delivered to said Weidner possession of the premises. May 24, 1904, the receiver was ordered to file his final account and report in the cause, and filed them June 10, 1904. The account showed receipts of $295 and disbursements of $201.58 for repairs (of which amount $122.71 was expended before January 4, 1898, and the rest afterwards), of $18.51 for water taxes from November, 1897, to May, 1899, $40 for receiver's fees, and $20 for his solicitor's services, aggregating $280.09, and leaving as a balance on hand with the receiver $14.91. To the report and account of the receiver Flora Rosenwald filed objections, alleging that the various items of expenditure for which the receiver asked credit were made without authority and in the interest of the complainant, Pankratz Weidner, and were not made for any indebtedness which was a charge upon the interest of the objector during the time allowed for redemption from said sale. She asked in said objections so filed that the court ascertain and decree the full amount of receipts of rents from said premises and order that the same be paid over to her.

July 18, 1904, the court entered an order finding certain of the before mentioned facts, and that from and after April 14, 1897, Flora Rosenwald became and was entitled

to all the rents, profits and issues from said premises collected by said receiver during the time for redemption, and that she was at the time of the entry of the order entitled to the sum of $295. The order concludes: "The court further finds from said receiver's report and from the evidence that said Anthony W. Stanmeyer, as receiver, expended the whole of said sum of Two Hundred and Ninety-five Dollars upon the above described premises at the instance and by the direction of the said complainant, Pankratz Weidner, and that said premises have been improved and benefited to the extent of said expenditure. It is, therefore, ordered, adjudged and decreed that the exceptions filed herein by said Flora Rosenwald to said receiver's report be and the same are hereby sustained, and it is ordered that said Flora Rosenwald have and recover of and from Anthony W. Stanmeyer the sum of Two Hundred and Ninty-five Dollars and have execution therefor."

From this order Stanmeyer prayed an appeal to this court, and has assigned as error the action of the court in not allowing him the credits claimed in his account, in sustaining the objections to the account, and in entering judgment against him.

The transcript of the record filed in this court is made up on a praecipe appearing therein, and does not therefore purport to be a complete transcript of the record in the cause. A certificate of evidence signed by the trial judge is included in the transcript, which certifies only that it was agreed between counsel for appellant and appellee as follows: That said Flora Rosenwald was the owner of the premises described in the bill of complaint between January 4, 1898, and April 5, 1899; that Flora Rosenwald was made defendant to the bill by the name of Flora Blum; that Stanmeyer took possession of the premises on May 6, 1897, and continued in possession thereof until April 5, 1899; that on this last date a master's deed conveyed the premises to Pankratz Weidner and the receiver surrendered the possession to him; that said receiver received from rent of said premises during the term of his possession $295,

and expended the same as shown by his report, and that no demand for possession of said premises was ever made upon said receiver by said Flora Rosenwald during the time said premises were in possession of the receiver.

GEORGE W. HESS, for appellant.

JOHN C. WILSON and WILLIAM SLACK, for appellee; LOUIS J. BLUM, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

There is a motion of appellee in this cause reserved to the hearing, "to strike from the record the certificate of evidence filed in the above cause, and to affirm the decree entered on July 18, 1904." Suggestions in support of this motion show that the position is taken by counsel for appellee that the one action of the court must necessarily follow the other. This is not so. The certificate of evidence must be stricken from the transcript, but there still will remain the appeal to dispose of, on that transcript which remains. The necessity for acceding to the motion "to strike the certificate of evidence from the transcript of the record," and to disregard it in this cause entirely, is that the decree appealed from was entered at the July term, 1904, of the Superior Court, and no certificate of evidence was signed during that term, nor was there a rule entered having the effect to carry over the power of the court to sign such a certificate until the next term. There was an undoubted intention to do so, but through inadvertence it was ineffective. There is certainly nothing in the order for allowance of the appeal, which reads thus: "Appeal prayed and allowed on filing bond in the sum of Four Hundred ($400) Dollars within twenty (20) days, and certificate of evidence in ——————— days," from which we can read into the blank, "twenty" or any other number. Had the certificate of evidence been presented during the July term, the court would have had power to sign it and make it a part of the record, but it had no such power after that term, because on entering the decree it had reserved none. If the

court had possessed the power to act on the certificate of evidence after the July term, we should have had, however, no hesitation in deciding that an extension of time in which to file it to September 20, gave to appellant all of the 20th of September for that purpose. Burhans v. The Village of Norwood Park, 138 Ill., 147, cited by appellee, has no proper application here.

Counsel for appellant, however, declare that they consider the certificate of evidence of little importance, and that they regard the findings of fact in the decree insufficient to justify it.

It undoubtedly seems hard that a receiver appointed by the court, with a general leave given him out of such moneys as he receives to pay taxes and assessments and make such repairs as may be necessary and proper, should find his payments for water taxes and for repairs disallowed, and be compelled to account for money which he had thus expended, but we do not see how we can avoid the conclusion that a *prima facie* justification for the ordering portion of the decree of July 18, 1904, is contained in its findings of fact. Those findings are in effect that appellee was, from and after April 14, 1897, the owner, subject to the mortgage incumbrance foreclosed in the cause, of the premises in question and entitled to the rights of such owner; that on January 4, 1898, the premises were sold to Weidner under the foreclosure decree for enough to wipe out the mortgage and decree indebtedness altogether; that although the appellee thereupon became entitled to all the rents, profits and issues collected by the receiver for the succeeding fifteen months, yet the receiver expended the whole of this sum, being $295, upon the premises at the instance and by the direction of the complainant Weidner, and that the premises have been improved and benefited to the extent of the expenditure.

These findings seem to us, in the absence of any evidence whatever otherwise preserved in the record, sufficient to sustain the decree. The complainant took the property when he bought on January 4, 1898, *cum onere,* and had

no right to possession of it or to income or issues from it, until the period of redemption had expired. This is the law which the appellant, like every other citizen, was presumed to know. Yet the court finds that he expended all the money in his hands, rents and income belonging to the appellee, on the improvement of the premises, which, in case they were not redeemed, he knew were shortly to pass from the ownership of appellee and the possession of himself, to the ownership and possession of Weidner, and that he did this at the instance and by the direction of said Weidner.

It is not necessary for us to decide what the court ought to have done concerning these funds, or concerning the receiver's report and account, on the hypothesis that there was evidence in the cause that the repairs were necessary to preserve said property or to keep it in a tenantable condition, for there is no such evidence in the record which we can consider. The receiver's report cannot be taken by itself as sufficient evidence of it, and "the certificate of evidence" which contains the stipulation that he expended the money "as shown in his report," is not properly before us. The *prima facie* right of the appellee to have the funds decreed to her, appearing by the findings of the decree, and there being no evidence to the contrary preserved, and no certificate even that there was not evidence overthrowing the sworn statements of the receiver's report and account as to the disposition of the money which he received, we do not see what justification there would be for our disturbing the decree, even if we should hold with the appellant's counsel that it is "unjust and inequitable to claim the benefits of the receiver's labors  *  *  *   and dispute the outlays made by him  *  *  *   authorized by the order of his appointment, and without which the income could not have been secured." For whether the outlays were thus authorized, or were such that without them the income could not have been collected, does not, in the present state of the record, appear. We cannot indulge in a presumption even that they were, and for anything that appears,

the evidence in the cause. may have shown that they were not.

It is to be remembered in considering the alleged hardship of the decree against the appellant, that he had at any time the right and opportunity "to apply to the court·for orders and directions," and might in each case of desired repair or improvement have obtained specific orders and directions (which would undoubtedly have conformed to the law), rather than have satisfied himself with "the directions of the complainant," and that under the doctrine of Haigh v. Carroll, 209 Ill., 576, if he has improperly paid out money for the benefit of Weidner, and has been obliged to refund it, he may have recourse against Weidner for the same.

The order of the Superior Court appealed from is affirmed.                                    *Affirmed.*