THE CITY OF BELLEVILLE, Appellee, *vs.* WILLIAM MITCH-ELL, Appellant.

*Opinion filed April 20, 1916.*

1. SPECIAL ASSESSMENTS—*the power of the city council to pass improvement ordinances.* The power of the city council to pass improvement ordinances must be reasonably exercised, and the reasonableness of such ordinances is a question to be decided by the court in view of all the circumstances and conditions.

2. SAME—*burden of proving that an ordinance is unreasonable rests upon objectors.* Where an improvement ordinance does not indicate, on its face, that it is arbitrarily unjust and oppressive, the burden of proving its unreasonableness, under existing conditions, rests upon the objectors.

3. SAME—*when amendment of verdict as to one property owner does not affect its validity as to other parties.* Where the verdict of the jury reducing the assessments of several objectors is several as to each of them, the fact that after the jury is discharged the court amends the verdict in order to make a similar reduction in the assessments of four objectors who had been omitted does not affect its validity as to the others, even though this action of the court is erroneous.

4. SAME—*change of venue does not vacate any of the proceedings had in the cause previous to the change.* A change of venue does not vacate any of the proceedings had in a cause before the change was granted, though the judge may use his discretion as to setting aside previous orders if good reason is shown for doing so.

5. SAME—*commissioner who made assessment cannot be called upon to impeach it.* The commissioner who made the assessment cannot be called upon by the objectors to impeach his official act by answering questions designed to show that he did not investigate, deliberate and decide in the manner required by law.

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

KEEFE & SULLIVAN, and JOHN E. HAMLIN, for appellant.

L. N. PERRIN, City Attorney, (A. H. BAER, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Belleville filed its petition in the county court of St. Clair county for the confirmation of a special assessment to pay the cost of the improvement of Main street (formerly known as the St. Clair county turnpike or rock road) from the north line of the right of way of the Southern railway to the northwestern limits of the city, by grading, curbing and paving the roadway. A commissioner was appointed, who filed an assessment roll, estimating the sum of $48,427.26 as the amount of public benefits which was apportioned to the city of Belleville and $240,666.74 which was apportioned to the property benefited. The appellant, together with numerous other property owners, filed objections. A hearing was had on the legal objections, and they were overruled. Afterward a trial of the objections to the amount of benefits and the proportionate share of the cost of the improvement was had by a jury. The verdict returned on the first trial was set aside by agreement,

and on the application of the objectors a change of venue was granted from the judge. A second trial was had before another judge, a verdict was returned, and after overruling a motion for a new trial judgment of confirmation was entered, from which William Mitchell, one of the objectors, has appealed.

The first question argued by the appellant is the reasonableness of the ordinance, but in the condition of the record we are unable to consider that question. The power of the city council to pass ordinances must be reasonably exercised, and the reasonableness of the ordinance is a question for the decision of the court in view of all the circumstances and conditions. (*Hawes* v. *City of Chicago,* 158 Ill. 653.) The present ordinance does not indicate, on its face, that it is arbitrarily unjust or oppressive. It is only by the introduction of evidence showing the existing situation and conditions that the alleged unreasonableness of the ordinance can be made to appear, and the burden of showing such conditions rests upon the objectors. The objection that the ordinance is unreasonable is a legal objection, and section 48 of the Local Improvement act provides that all objections, except the objections that the property will not be benefited to the amount assessed against it and that it is assessed more than its proportionate share of the cost of the improvement, may be set down for a separate hearing. This was done, and all legal objections were disposed of before the trial of the objections as to the amount of the assessment and the proportionate share. Upon the hearing of these objections no bill of exceptions was taken preserving the evidence which was heard. In the middle of the common law record containing copies of various papers filed in the cause is contained what appears to be the testimony of two witnesses together with a stipulation of counsel, but these are not authenticated by the certificate of the judge, as a bill of exceptions or otherwise. We cannot look to them as indicating the proceedings which occurred on

the hearing of these objections, and we are therefore unable to determine whether or not the court, in view of the evidence, ought to have held the ordinance unreasonable.

The next objection urged is that there is no proof of the publication of the ordinance in the manner required in cases where the estimated cost of the improvement exceeds $100,000. There is no assignment of error under which this question can be raised, and if there were, there is no bill of exceptions taken on the hearing of the legal objections, and it is therefore to be presumed that proof was made of publication in the manner required by law.

It is urged that after the change of venue was granted, Judge Ellis, to whom the venue was changed, declined to hear the legal objections or any evidence in regard to them. The change of venue did not vacate any of the proceedings had in the cause before the change was granted. The judge to whom the cause was transferred took the case in the condition in which it then was. He might have set aside the previous orders on the legal objections if in his judgment a sufficient reason was shown. That branch of the case, however, had been disposed of, and the record shows no reason why the orders already made should have been changed.

About fifty photographs were offered in evidence by the objectors and the exclusion of them is insisted upon as error. These photographs were taken at intervals of about five hundred feet along the five and a quarter miles of the road. The photographs were identified as photographs of property along the road but whose does not appear, except in one instance where the photograph was of the property belonging to one of the objectors, not the appellant. The jury viewed the road from one end to the other. The photographs are not shown in the bill of exceptions, and we cannot say that they would have been of any assistance to the jury in deciding the case.

The verdict of the jury reduced the assessment on the property of each one of the objectors except four. After the jury was discharged the court amended their verdict as to these four by making a reduction in proportion to that made in the case of the other objectors. It is argued that this was error, and so it was, but it did not affect the appellant. The verdict was several as to each of the property owners, and the amendment of it as to one, even though erroneous, did not affect its validity as to the others.

The objectors called the commissioner who made the assessment and by questions put to him sought to show upon what basis or theory or by what method he had made up the assessment roll. These inquiries could have had no other purpose than to impeach the assessment by showing that the commissioner did not investigate, deliberate and decide on the assessment in the manner required of him by law. The commissioner cannot be called upon to impeach his own official act or show reasons for his action. *Wright* v. *City of Chicago,* 48 Ill. 285; *Quick* v. *Village of River Forest,* 130 id. 323.

Complaint is made of the refusal of three instructions which were asked by the objectors. We do not regard their refusal as erroneous. The jury were fully informed by the instructions which were given as to the principles which should govern them in arriving at their verdict.

The appellant insists that his property is assessed more than it will be benefited and more than its proportionate share of the cost of the improvement. The evidence was conflicting. The jury viewed the premises and reduced the amount of the appellant's assessment. There was evidence to sustain the verdict, and we cannot say that it is so manifestly against the weight of the evidence that it should be set aside.

The judgment of the county court is affirmed.

*Judgment affirmed.*