## MYERS v LOOKER et

Ohio Appeals, 9th Dist, Summit Co

No 2407. Decided March 19, 1934

Beery, Underwood, Ryder & Russell, Akron, for plaintiff.

Ray B. Watters, Prosecuting Attorney. Akron, and Clyde B. MacDonald, Asst. Pros. Atty., Akron, for defendants.

## OPINION

By STEVENS, J.

It is generally held that the clerk of a town or other municipal corporation has the right and power to amend the minutes or records of the proceedings of the municipality, so long as he has the custody thereof, according to the facts and his knowledge of their truth, where, through inadvertence, mistake, or neglect, the record of the procedings is incomplete or defective.

Boston Turnpike Co. v Pomfret, 20 Conn. 590.

Ryder Estate v City of Alton, 175 Ill. 94.

County of Schuyler et v Missouri Bridge & Iron Co., 173 Ill. App. 435; affirmed, 256 Ill. 348.

In the instant case, the minutes of the council, as contained in the journal, through inadvertence, mistake or neglect on the part of the clerk, were incomplete and defective. Those minutes were still in the possession of the clerk, who was the same individual who served as clerk at the time of the passage of resolution No. 50 and who had prepared said original minutes, and the amendment to said minutes was made in accordance with the facts and the clerk's knowledge of their truth, and in fact in strict accordance with her notes made during the meeting at which resolution No. 50 was passed.

It is our conclusion that the amendment made therein was in conformity to the authorization and direction of council to the clerk of council, as contained in resolution No. 54, and that no further approval by council of the minutes as amended was necessary.

The question here presented is whether or not council may, after the passage, in conformity to law, of a motion to suspend its rules, amend its journal so as to have said journal accurately set out what actually took place in the passage of said motion.

We are unanimously of the opinion that the case of **Village of Vinton et v James, 108 Oh St 220,** is decisive of that question, and that the council did have the right to subsequently amend its journal so that the contents thereof should conform to the facts.

We have considered the other irregularities claimed by plaintiff, and we cannot conclude that any of them are of such a nature as to warrant the issuance of an injunction.

The petition of the plaintiff will be dismissed, at his costs, with exceptions.

WASHBURN, PJ, and FUNK, J, concur in judgment.