PHILLIP F. W. PECK, Appellant, *v.* THE CITY OF CHICAGO, Appellee.

JOSEPH N. BARKER, Appellant, *v.* THE CITY OF CHICAGO, Appellee.

THE CITY OF CHICAGO, Plaintiff in Error, *v.* CHARLES R. STARKWEATHER, Defendant in Error.

### FROM COOK COUNTY COURT OF COMMON PLEAS.

Assessments for improvements already made, by parties other than the city, are illegal.

THE bill of exceptions sets forth in substance, that defendants filed the following among other objections, to the rendition of a judgment:

The order of the Common Council, directing that the sum of $18,200 be assessed on real estate of the city of Chicago, deemed benefited by the filling, curbing and paving of Washington street, from the west line of LaSalle street to the east line of Market street, "in accordance with the superintendent's specifications for the same," was made by the Common Council without having adopted or agreed upon any plan, or mode, or specification for said improvements, but the same was an arbitrary order for assessing that sum for the purpose of raising money to pay one John McBean for paving said street, under private contract with some of the property holders on said street, and this warrant is being now prosecuted for that purpose.

That a large part of the said work was done by said McBean, under said private agreement with said property holders, before said order was made.

SCATES, MCALLISTER & JEWETT, for Appellants and Plaintiff in Error.

T. HOYNE, for P. F. W. Peck.

E. ANTHONY, for the City of Chicago.

CATON, C. J. The assessments in these cases, were in part for improvements already executed by parties other than the city, and without any liability on the part of the city. The assessments were therefore illegal, and it was the duty of the court to refuse to render judgments for them. *Pease* v. *City of Chicago*, 21 Ill. R. 500.

The judgments in the two first cases are reversed, and in the last the judgment is affirmed.