# THOMAS H. RICKETTS

*v.*

# THE VILLAGE OF HYDE PARK.

1. SPECIAL ASSESSMENT— *whether ordinance embraces single improvement.* The fact that an ordinance for laying a water supply-pipe provides that it shall commence on one street, and, after some distance, by a right angle, shall run along another street to its terminus, does not render the evidence obnoxious to the objection of providing for two separate and distinct improvements, it being continuous, and the circuit necessary to keep the water pure and fresh.

2. SAME—*improvement may be wholly by special assessment.* It is not a valid objection to an ordinance for a public improvement, that it provides that the improvement shall be made wholly by special assessment. Sec. 24, art. 9, ch. 24, R. S. 1874, relates only to the duty of commissioners appointed under sec. 23, and is no limitation upon corporate authorities in respect to the mode by which local improvements shall be made.

3. SAME—*may be for work already done.* Corporate authorities may levy special assessments for work already done in good faith by them, or under their direction, in anticipation of such assessment. This case distinguished from *Pease* v. *Chicago,* 21 Ill. 500, and *Peck* v. *Chicago,* 22 Ill. 578, in which an assessment was sought to be made for work done by private persons on their own account, and for which the city was under no obligation to make compensation.

4. SAME—*work done different from ordinance.* The fact that some changes are made in the character of the improvement from that required in the ordinance providing for the same, is no defense to a special assessment to pay for the same. This objection, if tenable, is to be availed of by injunction before the work is completed.

5. NEWSPAPER—*as to place of "publication" as distinguished from place of printing.* The "South Side News" was a weekly newspaper, the type for which was set, and the printing actually done, in the city of Chicago. But the paper upon its face had printed that it was printed and published in the village of Hyde Park, as a local paper, to meet the wants of said village. Its weekly issue, of about one thousand copies, was mailed to subscribers at the post office in the village of Hyde Park, and the city of Chicago, in about equal numbers. Upon the question as to the proper publication of a notice, it was *held,* the *publication* of this newspaper was in the village,—where the printing was done was immaterial.

6. PUBLICATION OF NOTICE—*whether sufficient.* The requirement of the statute, of publication of notice for "two successive weeks," is fully complied with by a publication made on the 7th and 14th of the same month.

In such case, when the publication is made in a weekly newspaper, it is not required it should be for "two full weeks."

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a proceeding, under an ordinance of the village of Hyde Park, for a special assessment for a certain public improvement in that village. The notice in respect to the proceeding was published in a weekly newspaper called the "South Side News." Objection was made that the newspaper mentioned was not published in the village of Hyde Park, but elsewhere. On this subject *S. Vansant* testified, that he was the publisher of the newspaper, the "South Side News," and that the type of said paper was set, and the printing actually done, in the city of Chicago. But said paper upon its face had printed that it was printed and published in the village of Hyde Park, as a local paper, to meet the wants of said village. It is mailed to subscribers at the post office in the village of Hyde Park, and the city of Chicago, in about equal numbers. The weekly circulation of said paper is about one thousand copies.

Other facts involved in the case are sufficiently set forth in the opinion.

A trial resulting in a judgment against the land sought to be assessed, an appeal was taken to this court.

Mr. L. D. CONDEE, for the appellant.

Mr. CONSIDER H. WILLETT, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding for a special assessment, by the village of Hyde Park, for laying and constructing water supply-pipe.

It is objected, the ordinance under which the proceeding assumes to be carried on, is void, because it provides for two separate and distinct improvements.

The objection is not tenable. The supply-pipe provided for on 45th street, runs west three blocks from Cottage Grove avenue, to Langley avenue, and two blocks north on Langley avenue to 43d street. It forms a right angle at 45th street and Langley avenue. Its east and north ends make connection with pipe on Cottage Grove avenue and 43d street, thus forming a circuit. The evidence shows that "it is important to make this circuit, in order to keep the water pure and fresh." Each part, therefore, is necessary to the end in view, and all complete a single improvement. The case is entirely different, in that regard, from *Weckler* v. *Chicago*, 61 Ill. 145. See *People ex rel. etc.* v. *Sherman et al.* 83 Ill. 165, where a like ruling obtained.

Another objection urged is, that the ordinance provides that the improvement shall be *wholly* by special assessment, which, it is claimed, is repugnant to § 24, art. 9, chap. 24, Rev. Stat. 1874, p. 235. That section relates only to the duty of commissioners appointed under § 23; and it neither is, nor purports to be, a limitation upon the corporate authorities in respect to the mode by which local improvements shall be made. It is expressly provided by § 1 of the same article, that the corporate authorities of cities and villages are thereby " vested with power to make local improvements by special assessment, or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall by ordinance prescribe."

Again, it is objected that the assessment is to pay for work already done; and this, it is insisted, is beyond the corporate power.

We see no reason why the assessment may not be for work already done in good faith, by the corporate authority, or under its direction, in anticipation of the special assessment. This would seem to be clearly contemplated by the 49th section of the same article before referred to, which provides: "All persons taking any contract with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except

from the collections of the special assessments made for the work contracted for;" and, also, by the 50th section, which provides that "all contracts for the making of any public improvement, to be paid for, in whole or in part, by a special assessment," shall be let in a particular way therein prescribed. The validity of such assessments has been recognized in *Creote et al.* v. *Chicago*, 56 Ill. 423, and *Goodrich* v. *Minonk*, 62 id. 121. And the contrary is not held in the cases referred to by counsel for the appellant.

In *Pease* v. *Chicago*, 21 Ill. 500, the language of the court referred to by the counsel had reference to improvements made by private parties, without any contract with or liability by the city authorities; and the right to make compensation therefor out of a special assessment, is repudiated upon the ground that the city was under no legal liability to the parties whatever, and not for the reason that it was to pay for improvements already made. The facts and ruling in *Peck* v. *Chicago*, 22 Ill. 578, were the same.

It is also objected, that the hydrants used were not such as were required by the ordinance. The ordinance called for Holly hydrants, but Cregier hydrants were used.

The evidence shows that the Cregier hydrants cost slightly more than the Holly hydrants, but are greatly superior in point of utility.

The objection, if tenable, should have been brought forward by bill for injunction before the work was completed. It is not admissible now, when the work has been completed in that way without objection on the part of appellant.

It is said in Cooley on Taxation, in discussing questions relating to special assessments, at page 468: "It is no defense to an assessment, that the contract for the work was not performed according to its terms. The proper authorities must decide upon this, and, if they accept the work, the acceptance, in the absence of fraud, is conclusive."

The objection taken to the publication of notice is without merit. The *publication* of the newspaper was in the village; where the printing was done is immaterial. It was a local

8—85TH ILL.

newspaper to all intents and purposes, as much so as if the entire process of manufacturing it had been conducted in the village. The statute does not require a publication when by a weekly newspaper, for "two full weeks," but for "two successive weeks," which is fully complied with by a publication as here made on May 7th and May 14. See *Garrett* v. *Moss,* 20 Ill. 554; *Madden* v. *Cooper,* 47 id. 359.

The remaining objections we deem untenable, and fail to notice them *seriatim* merely because we do not conceive their discussion at length important.

*Judgment affirmed.*