JOHN H. S. QUICK     .

*v.*     .

THE VILLAGE OF RIVER FOREST.

*Filed at Ottawa November 26, 1889.*

1. SPECIAL ASSESSMENTS—*notice of application for confirmation— waiver of defects therein.* The voluntary appearance of objectors in a proceeding to confirm a special assessment, and the filing of objections on the merits, will be held to be a waiver of defects in the notice of the application for confirmation.

2. SAME—*witnesses — competency of commissioners to impeach their own report.* Commissioners appointed by a city or village council or board of trustees to make special assessments of benefits to real estate by a proposed local public improvement, can not be called as witnesses to impeach their report by showing that they failed to discharge their duties, after such report has been acted upon and approved by the proper municipal authorities.

3. SAME—*evidence—declarations of commissioners to impeach their report.* The declarations of commissioners appointed to make special assessments are inadmissible in evidence to impeach their report, on objection made to the confirmation of such report.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. MILLER, LEMAN & CHASE, for the appellant.

Mr. GEORGE L. THATCHER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, confirming a special assessment of the village of River Forest, ordered to pay for a certain drain to be constructed in Chicago avenue. The appellant appeared in the county court and filed certain objections to a confirmation of the assessment, and on a trial before the court, a jury having been waived, he called as a witness one of the commissioners who had been appointed by the village to estimate the cost of the improvement, and offered to prove that he had no meeting or conference at any time with the other commissioners, or either of them, in regard to the cost, or in regard to said estimate of cost, or the making of the same, and that no such meeting or conference was had, and that witness did not make up or form any estimate of such cost,—to which evidence petitioner objected, on the ground that it was not competent to impeach the written return or report of said commissioners of the estimate of such cost, by the evidence of one of the commissioners. The objection was sustained, and the evidence excluded on that ground. The other commissioners were also called, and objector offered to prove the same facts by them; but, upon objection, the court held that the evidence was incompetent.

Section 20, of article 9, of the act in relation to cities, villages and towns, (Rev. Stat. 1874, p. 235,) under which this proceeding was instituted, provides that the city council or board of trustees shall appoint three of its members, or any other three competent persons, who shall make an estimate of the cost of a contemplated improvement, including labor, materials, and all other expenses attending the same, and the costs of making and levying the assessment, and shall report the same in writing to said council or board of trustees. The three commissioners who were appointed by the village under this section of the statute, made out and signed a report in

writing, as required by the statute, which was filed and approved by the board of trustees of the village, and the question presented by the offered evidence is, whether the commissioners can be called as witnesses to impeach their own report, after it has been accepted and approved by the board of trustees.

The law required the commissioners to meet and act together in estimating the cost of the improvement and the costs of making and levying the assessment. Their duties required investigation, deliberation, and a final determination of the subject referred to them by the board of trustees, and we are aware of no authority which would sanction the calling of such persons to stultify themselves. It may be true that the statute does not, in terms, require such commissioners to be sworn; but their acts are none the less obligatory and binding. Their duties require as much honesty and fidelity where they are not sworn, as if they were acting under oath, and we think it would be establishing a dangerous rule to allow such persons to come upon the witness stand and impeach their voluntary action, after such action has been approved and acted upon by the board of trustees. We are not, however, without authority on the question. In *Wright* v. *City of Chicago,* 48 Ill. 285, it was expressly held that such evidence was not admissible.

The objector also offered to prove the declarations of the commissioners, for the purpose of impeaching their report. They were not parties to the suit, and what they may have said could not be binding on the village, and if they were not competent to testify to what they did, as we have seen they were not, clearly resort could not be had to their declarations.

The next objection interposed to the assessment was, "that the commissioners appointed to make the assessment did not estimate what proportion of the total cost would be of benefit to the public and what proportion would be of benefit to the property to be benefited, and apportion the same." It appears from the record, that the estimated cost of the improvement, as reported by the commissioners and approved by the board

of trustees, was $6000. Section 4 of the ordinance providing for the improvement, provided that one-half of the cost of the improvement should be paid for by special assessment, to be levied upon property benefited thereby, and the remainder of such cost should be paid by general taxation. Owing to the fact, we presume, that the ordinance provided that one-half of the amount to be raised should be paid by special assessment and one-half by general taxation, counsel for appellant arrive at the conclusion that the commissioners appointed to make the assessment did not estimate what proportion of the total cost would be of benefit to the public and what proportion would be of benefit to the property to be benefited, and apportion the same, as required by section 139. In this, however, it is apparent that counsel have misapprehended the true condition of the record. The ordinance providing for the improvement, the commissioners' report, and assessment roll, were put in evidence by the petitioner, and the certificate appended to the assessment roll, signed by the commissioners, among other things, contains the following:

"*River Forest.*—The undersigned, commissioners appointed by the county court of Cook county to assess one-half the cost of  *  *  *  do hereby certify that they have completed the foregoing assessment roll, showing, etc.; * * * that before proceeding to make said assessment they were duly qualified before entering upon their duties, as appears by the oath hereto attached; that they examined the locality where the said improvement is proposed to be made, and the lots, blocks, tracts and parcels of land which will be specially benefited thereby, and did estimate what proportion of the total cost of said improvement will be of benefit to the public and what proportion thereof will be of benefit to the property to be benefited, and did apportion the same between the city of Chicago and such property, so that each shall bear its relative equitable proportion."

The words "city of Chicago" are evidently used, by mistake, for "River Forest."

From the foregoing certificate of the commissioners, which is a part of the assessment roll, it is apparent that the commissioners followed the requirement of section 139, notwithstanding the fact that the ordinance contained a provision that one-half of the amount should be raised by general taxation and the other half by special assessment. So far, then, as this objection of appellant is concerned, it is without foundation.

It is also insisted, that the notice of the assessment, and of the term of court at which a final hearing will be had, was not given in the manner required by law. We shall not stop to determine whether the notice, in all respects, conforms to the statute or not. The appellant appeared in court in obedience to the notice, and filed objections to the confirmation of the report, and whether the notice was defective or not, under such circumstances, is a matter of no moment, as the appearance without objection must be held as a waiver of all defects contained in the notice.

The judgment of the county court will be affirmed.

*Judgment affirmed.*