# D. C. WHITE *et al.*

*v.*

## THE CITY OF ALTON.

*Filed at Mt. Vernon October 27, 1893—Rehearing denied May Term, 1894.*

1. STREETS—*improving beyond the requirements of an ordinance.* A city or village has the right to extend the improvement of a street, required by ordinance, a few feet into cross-streets, not as a part of the original improvement ordered, and not to be paid for by special taxation, but independent of it, to be paid for by the city or village by general taxation.

2. SAME—*improvement—letting contract to an alderman after his resignation.* An alderman of a city and a member of the committee to estimate the cost of a proposed improvement of a street, may, after his resignation is made and accepted, become a bidder to do the work required, and the letting of the contract to him by the city will furnish no ground for refusing a confirmation of a special tax levied to raise money to make the improvement, when no fraud is shown in his action.

3. SPECIAL ASSESSMENT—*confirmation—change of grade of street.* Proof of the change of the grade of a street sought to be improved is no defense to the application of a city to confirm a special assessment or tax levied for the purpose of improving the street. If a property owner is damaged by the change of grade, he will have a remedy in an appropriate action.

4. SAME—*of the ordinance—reference to other ordinances.* A petition for the confirmation of a special assessment for the improvement of a street is required to be in the name of the corporation, and is required to recite the ordinance for the proposed improvement, and the report of the commissioners. But when the ordinance, set out *in hæc verba,* requires the improvement to conform to the grade of the street as established by a prior ordinance, it is not necessary that the ordinance so referred to shall be set out in the petition.

5. SAME—*the assessment roll—omitting owner's names.* The statute requires the commissioners to make an assessment roll, in which shall appear the names of the owners of the lots, so far as known. When their names are not given, it will be presumed, in the absence of proof to the contrary, that the names of the owners were not known to the commissioners, and could not be ascertained by the exercise of reasonable diligence. Such omission will not invalidate the roll, or afford ground for quashing the same.

6. The omission to give the names of the owners of lots assessed, if a defect, will be waived by the appearance of such owners and filing

objections to the merits. Appearance and filing objections to the confirmation of the report on its merits, are a waiver of all defects contained in the notice.

7. SAME—*width of street—assessment roll as evidence.* On application by a city for confirmation of a special tax, the assessment roll is competent evidence for the city of the width of the streets ordered to be improved, and this evidence will not be overcome by the testimony of a witness that the width of the street varies, who bases his evidence, in part, upon measurements found in maps which were not shown to be correct.

8. SAME—*estimating cost of improvement—alderman as committeeman.* The statute relating to improvements by a city or village, makes a member of a city council or board of trustees competent to act on a committee to estimate the cost of a proposed local improvement. The fact that an alderman owns property on a street sought to be improved will not disqualify him from acting on such committee.

9. SAME—*ordinance—reference to plans, etc.* Where an ordinance providing for the improvement of a street gives a full and detailed description of the improvement, in all its parts, the failure of the engineer to furnish the maps and plans will not invalidate the proceeding, notwithstanding the ordinance refers to the same as being on file in the city engineer's office.

10. SAME—*party injured—not complaining.* Where a horse railway company makes no objection to a special tax levied on its right of way in a street for the purpose of improving the street, other owners of property contiguous to the street can not be heard to question the validity of the tax assessed against such company.

11. ORDINANCES—*valid in part and void in part.* It is a well settled principle, applicable to by-laws and ordinances of cities and villages, that if the provisions relating to one subject matter be void, and as to another they be valid, and the two are not necessarily or inseparably connected, they may be enforced as to the valid portion as if the void part had been omitted.

APPEAL from the County Court of Madison county; the Hon. W. H. KROME, Judge, presiding.

Mr. LEVI DAVIS, Jr., and Mr. ALEXANDER W. HOPE, for the appellants.

Mr. JOHN F. McGINNIS, Mr. J. E. DUNNEGAN, and Messrs. WISE & McNULTY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Madison county, confirming a special tax levied by the city of Alton for the improvement of Second street, from the east curb line of Piasa street to the west curb line of Henry street. The application having been set for a hearing on the 13th day of October, 1892, the appellants entered a motion for a continuance, and in support of the motion filed an affidavit set out in the record. The court overruled the motion, and this ruling of the court is the first alleged error relied upon to reverse the judgment.

Two alleged facts are relied upon in the affidavit for a continuance: First, that at Second and Market streets, at Second and Alby streets, at Second and Eastern streets and at Second and Alton streets, to which point the improvement is now completed, the paving was made, and the street paved and extended into the cross-streets, from eight to fifteen feet, including both sides, wider than fifty-six feet, as described and required that the improvement should be made by the ordinance herein; which widening of the street greatly increased the cost of said paving; second, that the grade of Second street, in making the improvement, has been changed—that on the north side it has been lowered, so that the top of the pavement will be some eighteen inches lower than the established grade.

It may well be doubted whether appellants showed sufficient diligence in their efforts to procure witnesses to prove the facts relied upon; but waiving that question, if the facts relied upon were proved, they would not, in our opinion, constitute a defense to the proceeding. As to the first fact relied upon, if, in making the improvement in Second street, the city of Alton saw proper to extend the improvement a few feet into cross-streets, it had the undoubted power to do so,— not as a part of the improvement under the ordinance, to be

paid for by this special tax, but an independent improvement, to be paid for by the city by general taxation. These extensions into the cross-streets are not to be regarded as a part of the improvement provided for in the ordinance, but independent of it. As to the second fact, the city of Alton had the right to change the grade of the street if it saw proper, and the change could have no bearing on the tax in question. If appellants, or other property owners, were damaged by a change of grade made by the city of Alton, they had a remedy in an appropriate action; but proof of change of grade could be no defense in the application to confirm the special tax.

The question in regard to an improvement failing to conform to the requirements of the ordinance arose in *Ricketts* v. *Village of Hyde Park,* 85 Ill. 110, and the court held that the fact that some changes are made in the character of the improvement from that required in the ordinance providing for the same, is no defense to a special assessment to pay for the same. This objection, if tenable, is to be availed of by injunction, before the work is completed.

It is next claimed that the court erred in denying the motion to dismiss the proceeding. This motion was predicated upon the ground that the petition failed to recite the whole ordinance, as required by chapter 24, section 138, of the statute. This section of the statute provides that the petition shall be in the name of the corporation, and shall recite the ordinance for the proposed improvement, and the report of the commissioners. Upon looking into the record it will be found that the ordinance is set out in the petition *in hæc verba,* but section 1 provides, among other things, that "the excavating and grading shall be to such a depth as will cause the top of the pavement, when laid, to conform to the respective established grades of said street as now established by ordinance of the said city of Alton, and the said pavement herein provided for shall, when laid, conform to said grade as established by an ordinance of said city." (Chap. 13, sec. 300, Rev. Ordinances,

1889.)   And as the ordinance establishing the grade is not set out in the petition, it is claimed that the petition is fatally defective.   We do not think that the statute contemplated or required that every ordinance that might be referred to should be set out in the petition.   The ordinance providing for the improvement should be incorporated in the petition, so that the nature and character of the improvement may appear from the petition.   Here the nature and character of the improvement fully appear without setting out the ordinance of the city of Alton wherein the grade is established, and nothing could be gained by incorporating such ordinance in the petition.

It is next claimed that the letting of the contract to David Ryan by the city of Alton, to pave and improve Second street, was a fraud on the property owners.   At the time the ordinance was passed, David Ryan was an alderman in the city. He was a member of the committee to estimate the cost of the improvement.   He signed the report and it was approved by the council.   Ryan remained a member of the city council until the 28th day of June, 1892, when he resigned.   On that day bids were received, and after Ryan's resignation had been accepted he put in a bid for the work, and, being the lowest bidder, he secured the contract for the work.   It is not claimed that the evidence disclosed the fact that Ryan's action in the council was fraudulent, or that his action in the council was with a view to ultimately obtain a contract from the city, but it is said his position gave him an undue advantage over other bidders in procuring the contract.   But if that be true, the tax-payers of the city were not the losers, but rather the gainers, as his bid was the lowest, and it was to the interest of the tax-payers to let the contract as low as possible.   The law would not suffer Ryan to obtain a contract from the city council while he was a member of that body, because he could not do so without acting in a double capacity.   But after the ordinance had been passed and the improvement ordered, we

see no reason why a member of the city council might not resign, and, after his resignation had been accepted, become a bidder, as well as any other citizen or tax-payer.

It is next claimed that the assessment roll ought to have been quashed. Under this head it is first claimed that the commissioners failed to state in the assessment roll the names of the owners of the land, but in one case they assessed one tract to "Thomas Middleton heirs," and another tract was assessed to "J. Flack estate." The statute requires the commissioners to make an assessment roll, in which shall appear the names of the owners, so far as known. No evidence was introduced to show that the commissioners knew the real owners of either tract, or that they could ascertain the names of the owners by the exercise of reasonable diligence, and in the absence of all evidence to the contrary, it will be presumed that the names of the owners were not known to the commissioners, and could not be obtained by the exercise of reasonable diligence. But if the report was defective, the objection was waived. In obedience to the notice the Thomas Middleton heirs appeared by Harry Lewis, trustee, and the Flack estate appeared by V. Flack, and filed objections to the confirmation of the report on its merits. The appearance and filing of objections to the merits will be regarded as a waiver of all defects contained in the notice. *Quick* v. *Village of River Forest,* 130 Ill. 323.

Under the same head it is also claimed that the assessment roll is illegal, upon the alleged ground that, as prepared by the commissioners, it contains some two hundred and twenty-five more square yards of territory to be improved and paid for by the property owners, than actually existed in the street or district to be improved. As we understand the assessment roll, the lot owners fronting on the street were taxed according to the frontage of their respective lots, in the proportion that the front of each bears to the entire frontage along the line of the street to be improved. But in arriving at the

amount that should be levied on each lot, the number of square yards in the entire district to be improved was ascertained, then the sum per square yard to raise the required amount and cost of collecting was determined. In estimating, however, the number of square yards in the street to be improved, the width of the street was estimated at fifty-six feet, and appellants contend that the width of the street is not uniform, —that it varies at different points along the line of improvement,—and for the purpose of establishing this fact they called as a witness one Thomas Long. The witness did testify that the width of the street varied, but he based his evidence, in part, from measurements found on maps, and whether the maps be correct or not does not appear. The street, as laid out, was intended to be fifty-six feet wide. The assessment roll was competent evidence for the petitioner, and while giving due weight to the testimony of the witness called for appellants, we do not think it sufficient to overcome the assessment roll.

It is next claimed that Ryan was disqualified, on account of being the owner of property on the street improved, from acting as a member of the committee to estimate the cost of the improvement. The statute on the subject provides: "The city council or board of trustees shall appoint three of its members, or any other three competent persons, who shall make an estimate of the cost of the improvement contemplated by the ordinance," etc. Ryan was a member of the city council, and by the terms of the statute he was eligible to act on the committee. If there was a statute disqualifying the owner of a lot or tract of land on the line of the improvement, then he could not act. But there is no such statute. Moreover, we fail to see how his interest could affect his judgment as to the amount of the cost of the improvement. If he was interested at all, his interest would dictate to him to fix the amount as small as possible, so that his share of the burden would be diminished as much as possible. The appel-

lants, we presume, were interested the same way, so that they are in no position to complain. But independent of this, as a member of the city council, by the terms of the statute itself, he was qualified to act.

The next objection urged is, there were no plans, profiles, maps and specifications on file, as required by section 2 of the ordinance. It is true that section 2 of the ordinance provides that the grading, paving and excavating shall be done in accordance with the maps, profiles and specifications furnished by the city engineer, on file in his office. But section 1 of the ordinance gives a full and detailed description of the improvement, in all of its parts, and the maps and plans could add nothing to the specifications and requirements of said section, and the failure of the city engineer to furnish them did not, in our opinion, materially affect the validity of the proceedings.

The street ordered to be improved is occupied by the Alton and Upper Alton Horse Railway and Carrying Company, its entire length, with the exception of one block. The horse railway company occupies a strip near the center of the street, about seven feet wide. The ordinance, after providing that the cost of paving the street intersections shall be paid for by general taxation, contains the following: "The cost of said improvement between the rails of said track or tracks of the Alton and Upper Alton Horse Railway and Carrying Company, or any other company, and one (1) foot on either side of said rails, including the cost of all labor and materials therefor, and other expenses, including the cost of levying, assessing and collecting the special tax on the right of way herein mentioned, shall be paid by special tax on right of way, right of occupancy, franchises and interest of said Alton and Upper Alton Horse Railway and Carrying Company, which special tax is hereby ordered to be levied, assessed and collected upon and from the said right of way, right of occupancy, franchise and interest of said Alton and Upper Alton Horse Railway and Carrying Company,"—and it is insisted that

contiguous property, only, can be specially taxed for local improvements; that the right of way of a street railway in a street is an intangible right; that even if tangible, it would be a part of the street, and in no sense contiguous to it; that the ordinance is entire, and if not valid as to the street railroad, the entire ordinance is invalid. The horse railway company filed objections to the tax assessed against it, but the objections were subsequently withdrawn and the tax levy confirmed, and the horse railway company is making no objection to the judgment of confirmation. If, therefore, the levy on the property of the horse railway company was unauthorized, (a question we do not undertake to decide in this case,) as no part of this tax is charged to appellants, and they can never be called upon to pay the same, they are in no manner injured, and, as has often been held, they have no right to complain of an error that does them no harm. No part of the expense of improving that part of the street occupied by the horse railway company has been charged to the appellants or levied upon their lands, and they have no right to find any fault with the proceedings which do not affect them injuriously.

But it is claimed that the ordinance is void as to the levy against the horse railway company, and being void as respects that property it is also void as respects the property of appellants. We do not concur in that view. A question of this character arose in *Wilbur* v. *City of Springfield,* 123 Ill. 402, and it was there held to be a well settled principle, applicable to by-laws and ordinances, that if the provisions relating to one subject matter be void and as to another they be valid, and the two are not necessarily or inseparably connected, they may be enforced as to the valid portion as if the void portion had been omitted.

The judgment of the county court will be affirmed.

*Judgment affirmed.*