THE PEOPLE ex rel. Thomas H. Mannen

v.

W. DUFF GREEN et al.

*Filed at Mt. Vernon May 10, 1895—Rehearing denied November 22, 1895.*

1. PUBLIC IMPROVEMENTS—*judgment confirming special tax cannot be attacked collaterally.* Where the court has jurisdiction of the parties and subject matter, its judgment confirming a special tax is conclusive unless reversed or annulled in a direct proceeding.

2. TAXES—*what objections heard on application by collector for judgment.* In an application to the county court for judgment against property for a delinquent tax, objections to the sufficiency of the ordinance for the improvement and to the manner in which the work was done and the contract let cannot be heard.

3. SAME—*taxation beyond constitutional limit no defense to judgment for special tax.* It is not a defense to an application for judgment *in rem* for a delinquent special tax upon city lots for a pavement, that the ordinance, in providing that the city shall pay for the intersections, goes beyond the constitutional limit of taxation.

4. SAME—*delinquent list and judgment record amendable.* An application to amend the delinquent list and judgment record to make them correspond with the collector's books, in an application for judgment for a delinquent special tax, should be allowed.

5. SAME—*effect of insufficiency of description of property.* While insufficiency of description of the lots specially taxed may be cause to sustain objections to rendition of judgment for the taxes, it is not ground for dismissal, on motion, of the application for judgment.

6. APPEALS AND ERRORS—*trying different cases together by agreement —effect on appeal.* Where, by stipulation, different applications for judgment for special taxes were tried together and one judgment rendered, the Supreme Court will review the case as tried below.

WRIT OF ERROR to the County Court of Jefferson county; the Hon. JOHN L. COOPER, Judge, presiding.

ALBERT WATSON, State's Attorney, NORMAN H. MOSS, ROBERT M. FARTHING, and CHARLES H. PATTON, for plaintiff in error:

All these questions that might have been presented at the time of the judgments of confirmation, and which affect the validity of the special taxes, are *res judicata*. *People* v. *Brislin*, 80 Ill. 423; *Lehmer* v. *People*, 80 id. 601;

*Andrews* v. *People*, 84 id. 28 ; *Schurtz* v. *People*, 105 id. 27 ; *Blake* v. *People*, 109 id. 520; *Railroad Co.* v. *People*, 120 id. 104.

If the action of the council is to be reviewed for fraud, it must be done by bill in equity. *Ricketts* v. *Hyde Park*, 85 Ill. 110; *White* v. *Alton*, 149 id. 626 ; Cooley on Taxation, (2d ed.) 671.

The onus of proving objections in special tax cases is upon the objectors. *Enos* v. *Springfield*, 113 Ill. 65; *People* v. *Barber*, 127 id. 387.

A definite and certain description of the land (whether correct or not) gave jurisdiction of the subject matter, and the statute gave the People the right to make the amendments. *Walsh* v. *People*, 79 Ill. 521; *Lehmer* v. *People*, 80 id. 601; *Kilmer* v. *People*, 106 id. 529; *Springfield* v. *Green*, 120 id. 269; *People* v. *Dragstran*, 100 id. 289; 2 Starr & Cur. Stat. p. 2087, sec. 193.

William H. Green, for defendant in error W. Duff Green:

The writ of error is a new suit. The misjoinder of the defendants in error seems manifest on the face of the record. There is no privity of any kind between the defendants in error. As soon as that legal condition becomes apparent by an examination of the record, the plaintiff in error must be non-suited. Chitty's Pl. (ed. of 1837,) 50; id. (ed. of 1819,) 206.

If the plaintiff in error has any cause for complaint in consequence of alleged errors of the county court, the remedy can be found only by separate suit against each of the defendants in error. The judgment against each parcel of land is distinct, and affects only the owner of that land. 2 Tidd's Practice, (ed. of 1856,) 1135.

In *People* v. *Dragstran*, 100 Ill. 289, the court says: "The making and filing the delinquent list and the publication of notice are essential to give the court jurisdiction."

In *Spellman* v. *Curtenius*, 12 Ill. 413, the court says: "To give the court jurisdiction it is essential that the collector

should make a report and give notice of the application for judgment substantially as required by the statute. The report and notice are the foundation of the whole proceeding, and without them the court would have no authority to enter judgment."

It is beyond the power of the courts to stretch this extraordinary grant of power to levy a special tax so as to make it cover doubtful cases. Elliott on Roads and Streets, 371.

A city, as the grantee of land to be used as a street, only takes a conditional fee. The land may never be used for a street, or, being once used, the street may be abandoned, and in either case the land will revert to the grantor. In such cases the title does not pass until the grantee, by physical acts, takes possession and opens the street as a way for all the people. Lewis on Eminent Domain, chap. 5, sec. 114, *et seq.*

GEORGE B. LEONARD, WILLIAM T. PACE, and WILLIAM H. GREEN, Jr., for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was an application to the county court of Jefferson county, by the county collector, for judgments against the defendants in error, severally, for a delinquent special tax levied for the purpose of paying the cost of paving certain streets and of laying certain sidewalks on other streets. The defendants appeared severally, and filed objections to the rendition of a judgment for the special tax on the delinquent lands and lots, and by agreement the hearing was had and judgment entered as one case

The objections are substantially the same in each case. The second, fourth, fifth, sixth, seventh, eighth, tenth, eleventh, thirteenth and fourteenth are, in substance, that the ordinance was insufficient, that the manner of performing the work was not in accordance with the contract, and that the contractors had abandoned the work,

etc. These objections cannot be raised in this character of proceeding. In an application for judgment for a delinquent special tax the sufficiency of the ordinance cannot be attacked collaterally. In a proceeding for the levy of a special tax, where the court has jurisdiction of the parties and subject matter in a particular case and enters its judgment thereon, that judgment is conclusive unless reversed or annulled in a direct proceeding. (*Clark* v. *People ex rel.* 146 Ill. 348, and authorities cited.) The sufficiency of the ordinance providing for the levy of the special tax should not have been considered on these objections by the trial court. Whether the work was done in accordance with the contract was not a question that could be determined in this proceeding. By *mandamus* to compel the officials to properly discharge their duty in letting the work by contract under the ordinance, or by injunction to enjoin from departing from the terms of the ordinance, appropriate remedies are provided to enforce a duty or prevent a departure therefrom. Whether the work was done in accordance with the contract was not a question before the court in this proceeding. (*Wisner* v. *People ex rel.* 156 Ill. 180.) The fact that contractors had abandoned the work is not a defense to the collection of the tax, as the city council may proceed to have the work performed by other contractors.

The first objection made is, that the city was in debt in excess of the constitutional limit, and there were not sufficient funds in the city treasury to pay for the improvement at the intersection of the streets. The provisions of the ordinance were that the city should pay for the paving at the intersections of the streets, and this was within the power of the city council, and in a proceeding for judgment on delinquent lands and lots, which is a direct proceeding as to the *rem*, the owners of such lots cannot set up in defense any matter not pertaining to their own lots. They cannot be allowed to find fault

with proceedings that do not affect them injuriously. *White* v. *City of Alton,* 149 Ill. 626.

The third objection, that the contract was not let to the lowest bidder and that proper advertisement was not made for bids, is not an objection to be considered in this proceeding, but the duty of the city council in that behalf may be enforced in a proper proceeding for that purpose.

There is nothing to show the taxes are not due, as claimed in the twelfth objection.

The objection made by W. Duff Green, that there was no such street as Bunyan street, from the east line of Green street to the west line of Breckinridge street, in existence at the time of the passage of the ordinance for the improvement, is not well taken, as the evidence shows an ordinance of the city council providing for the opening of said street, and the contract was let and the improvement made, as contemplated by the ordinance, after the street was opened. After the ordinance for the improvement is passed and the assessment made and the work done, it is too late to seek to question the right to make the assessment and improvement when an application is made for a judgment on the delinquent list.

These are substantially all the objections made to the judgment on the delinquent list for the improvement of the streets by paving.

By an ordinance of the city council provision was made for the construction of sidewalks. Eight persons filed objections to the entering of judgment on the delinquent list for failure to pay the tax assessed for that purpose. The first, third, fourth, fifth, eighth and ninth objections are substantially disposed of by what is said with reference to the objections to the tax for paving the streets.

The second objection is, that the contract was illegally let, and some of the members of the city council were interested therein. The first clause of this objection

cannot be taken advantage of in this proceeding and the second is not sustained by the evidence.

The sixth and seventh objections are, that notice of the special tax was not given the objector, and the property is not correctly described, etc. By the proviso to section 58 of chapter 120 of Starr & Curtis' Statutes of Illinois, no assessment shall be considered illegal by reason of the same not being assessed in the names of the owners thereof. Property must be described by reference to government surveys, by metes and bounds, or, if divided into lots, then by reference to authenticated plats. (*People ex rel.* v. *Chicago and Alton Railroad Co.* 96 Ill. 369.) From the evidence in this record we cannot hold that the reference to blocks, etc., does not sufficiently refer to a plat that makes the description sufficiently certain.

A motion was entered on behalf of William T. Pace, W. Duff Green and G. B. Leonard, severally, to dismiss the application for judgment as to certain lots and premises described, because of insufficient description, when a cross-motion on behalf of the People was entered for leave to amend the description in the tax and judgment record, etc. The motion for leave to amend was denied and the motion to dismiss the application for judgment was allowed, and each and all of the objections to the rendition of judgment were sustained and exceptions taken thereto. The delinquent list and judgment record were amendable by so amending as to make them correspond to the collector's books. The latter were not amendable, and the application to amend the delinquent list and judgment record should have been allowed. The insufficiency of description, if it existed, may have been cause to sustain objections to a rendition of judgment for taxes, but is not cause for a dismissal of the application for judgment.

The defendants in error insist that this court cannot consider the several objections in the several cases in

this record on one judgment. By stipulation it appears the cases were tried together and one judgment rendered, and we will review the case as it was tried.

For the errors indicated the judgment is reversed and the cause remanded.　　　　　*Reversed and remanded.*