C. H. BRETHOLD *et al.*

*v.*

THE VILLAGE OF WILMETTE.

*Opinion filed November 1, 1897.*

1. PRACTICE—*effect of stipulation that bill of exceptions may be signed by a different judge.*   A stipulation fairly entered into by counsel that a bill of exceptions may be signed by a judge other than the one who heard the case, is binding, and the Supreme Court will not go behind the stipulation and strike the bill of exceptions from the files on motion of either party.

2. SPECIAL ASSESSMENTS—*commissioners' report cannot be impeached by testimony of commissioner.*   The plain terms of a special assessment report, signed by all the commissioners appointed, and approved by the municipal authorities, cannot be contradicted or impeached by the testimony of one of the commissioners.

3. SAME—*clerical error in omitting a letter from commissioner's name will not invalidate assessment.*   A mere clerical error by the court in omitting a letter from the given name of one of the assessment commissioners in making out the order of appointment will not invalidate the assessment.

APPEAL from the County Court of Cook county; the Hon. H. W. JOHNSON, Judge, presiding.

LOUIS J. PIERSON, for appellants.

JOSEPH L. McKITTRICK, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the county court of Cook county confirming a special assessment against certain property owned by appellants, levied by the village of Wilmette, to pay for macadamizing Wilmette avenue from West Railroad avenue to Klein street, in the village of Wilmette, the proceeding being known as "Wilmette Special No. 14." The assessment roll was filed in the county court on September 4, 1896. Objections were filed thereto and urged before the court, and overruled. Thereupon the case was tried by a jury upon the question of benefits,

resulting in a verdict sustaining the assessment. Judgment being entered upon the verdict, this appeal is prosecuted by certain property owners.

Judge H. W. Johnson, county judge of LaSalle county, presided at the hearing below, in the absence of Orrin N. Carter, the resident judge. By stipulation of counsel for both parties it was agreed that the bill of exceptions herein should be signed by Judge Carter, which was done. A motion is now made by counsel for appellee to strike the bill of exceptions from the files, insisting that the signing of the same by a judge other than the one who heard the case is illegal, being without authority; but we are not disposed to go behind the stipulation of counsel fairly entered into, as was the case here, and the motion is denied.

Upon the merits of the case appellants insist that in considering the objections to the confirmation of the assessment roll the court committed error in refusing to hear the testimony of one of the commissioners appointed by the village board to make an estimate of the cost of the proposed improvement, to the effect that the estimate contained an item for attorney's fees. It is said attorney's fees were included in the indefinite item, "administration charges." If the estimate, upon its face, had contained such an item, and the testimony had been offered, not to contradict but to explain it, the commissioner might properly have testified for that purpose. But we fail to find any ground for the contention of the appellants. The estimate contains but three items of expense, and the attempt was to show by the witness that in addition to those three items, and outside of what appears upon the face of the estimate, an amount for attorney's fees was included. Such testimony could have had no other effect than to contradict or impeach the plain terms of the report, which had been signed by the three commissioners and approved by the proper municipal authorities, and this could not be done by one of

the commissioners. The testimony was properly refused. *Quick* v. *Village of River Forest,* 130 Ill. 323.

The next contention of the appellants embraces two points: First, that the ordinance authorizing the improvement is void, because it does not "fix the amount of the first installment;" and second, if it does, it fails to do so in the manner contemplated by the statute, and is void because it fixes that installment at more than twenty-five per cent of the whole assessment. Both of these objections were urged to an ordinance the fourth section of which was in the exact language of the one now before the court, in *Latham* v. *Village of Wilmette,* (*ante,* p. 153,) holding the ordinance valid. On the authority of that case the objections here insisted upon must be overruled.

The last objection, that the assessment is void for the reason that one of the commissioners appointed to spread the assessment was appointed as *Emond* P. Dunshee, while the roll was made, certified, oath taken and notices sent by *Edmond* P. Dunshee and the other commissioners, and that therefore the commissioners who made the assessment, etc., were not those appointed, is without merit. It clearly appears from the subsequent proceedings, and especially from the judgment of confirmation, (which refers to this commissioner as the person "heretofore appointed,") that the commissioner who acted was the one appointed, and that the court, in making the order of appointment, committed a mere clerical error in omitting the letter "d" from the name "Edmond." *Schemick* v. *City of Chicago,* 151 Ill. 336; *Casey* v. *People,* 159 id. 267.

The judgment of the county court will be affirmed.

*Judgment affirmed.*