E. D. FERGUSON *et al.* V. THE CITY OF COFFEYVILLE
*et al.*

No. 15,215.    (94 Pac. 1010.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Special Tax for Paving—Fraud —Injunction.* In a suit to enjoin a special assessment for street paving, on the ground that the proceedings of the city council were void under the statute of frauds (Gen. Stat. 1901, §§ 3175, 3176) because a member of the city council was a stockholder in the brick company which furnished material for the paving and another member of the council accepted employment as a laborer under the contractors, an injunction is properly denied where it appears from the findings of the court that the proceedings of the mayor and council were in all respects regular, that no fraud was shown on the part of any member of the council, and that no member of the council was interested directly or indirectly in the contract for the improvement.

2. —— *Performance of the Work—Acceptance—Conclusiveness.* Where the mayor and council have passed upon the question and accepted the work of a street improvement as satisfactory their action is conclusive and binding upon the property owners, in the absence of any showing of fraud in such acceptance.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed March 7, 1908. Affirmed.

*Joseph P. Rossiter,* and *T. J. Hanlen,* for plaintiffs in error.

*George R. Snelling,* city attorney, for defendants in error.

*J. H. Dana,* as *amicus curiæ.*

The opinion of the court was delivered by

PORTER, J.: Plaintiffs sued to enjoin the levy of special taxes for paving and curbing certain streets in the city of Coffeyville. Issues were joined and there was a trial to the court and judgment for defendants. Plaintiffs bring error.

The principal objections to the validity of the levy which are urged here are based upon the fact that George F. Boswell, who was a member of the city council at the time the contract was entered into, was a stockholder in the Coffeyville Shale Brick Company, which furnished the brick used in the paving; and that W. F. Ehart, another member of the council, accepted employment under the contractors as a laborer. It is the contention of plaintiffs that these facts bring the case within the statute of frauds. (Gen. Stat. 1901, §§ 3175, 3176.) The provisions of the statute are, in substance, that no contract for paving any street in a city shall be made with, or let to, any mayor, councilman or individual whose duty it shall be to levy or aid in levying any assessment or tax to pay therefor, and that any such contract shall be null and void, and any tax levied for work performed under such contract may be perpetually enjoined.

The court made very full and complete findings of fact, from which it appears that the contract for paving and curbing was entered into on November 10, 1904, between the city of Coffeyville and the firm of McGuire & Stanton; that the proceedings of the city council providing for the improvements were in all respects regular; that on November 17, 1904, McGuire & Stanton made a contract with the Coffeyville Shale Brick Company, by which the company agreed to furnish the brick to be used in the pavement; that George F. Boswell, a member of the city council, was a stockholder and director in the brick company; that the contract between McGuire & Stanton and the brick company was entered into with the vice-president and general manager of the company, who had full authority to make such contracts without referring the same to the board of directors. There is a further finding that McGuire & Stanton are not shown to have had any notice or knowledge of the fact that George F. Boswell was a stockholder and director of the brick company. It is found as a fact that in April, 1905, councilman

W. F. Ehart accepted employment with the contractors at their rock-crusher as timekeeper, but that he had no agreement with the contractors to assist them as a councilman. The court expressly found that no actual fraud was shown on the part of George F. Boswell or any of the councilmen or other officers of the city, and that the mayor and council accepted the work as having been performed in compliance with the contract.

It thus appears that at the time the contract was entered into between the city and McGuire & Stanton no contract had been made either with the brick company to furnish the brick or with councilman Ehart to furnish him employment. There was no contract with the city in which a member of the council was interested directly or indirectly. The city had no contract with the brick company or with councilman Ehart; the only contract the city had was its contract with McGuire & Stanton for the paving and curbing.

It must be obvious, therefore, that the facts found by the court are not such as come within the letter of the statute of frauds. According to the contention of plaintiffs the entire contract would have been rendered null and void, and the tax subject to perpetual injunction, if, after the contract had been entered into between the city and the contractors, the latter had purchased at a store owned by a member of the council any supplies to be used in the performance of the contract, without regard to the good faith of the transaction. The statute, however, was enacted for the purpose of preventing fraud and not to work injustice. It is conclusively established by the court's finding that there was no fraud in the proceedings of the mayor or council or in the performance of the work, so that neither the letter nor the spirit of the statute was violated.

The other objections to the validity of the tax are based upon the claim that the work was not performed in accordance with the specifications of the contract. It is unnecessary to enumerate all of the objections,

but they relate to the quality of the brick used, the lack of the required amount of cement in the concrete, and other alleged failures to comply with the specifications. These objections are of no avail to the property owners who seek to enjoin the levy of a special assessment. It appears that the mayor and council at a regular meeting adopted a resolution accepting the work as having been completed in full compliance with the terms of the contract. This concludes the plaintiffs, as there is no fraud shown in the acceptance of the work. Where the proper authorities have passed upon the question and accepted the work as satisfactory, the acceptance is conclusive upon the property owners. (*State v. Jersey City,* 29 N. J. Law, 441, 449; *Ricketts v. Village of Hyde Park,* 85 Ill. 110; 2 Cooley, Tax., 3d ed., 1280, and cases cited.) In addition, it was found by the trial court that the work had been done substantially in compliance with the terms of the contract.

The judgment is affirmed.