[Civ. No. 2377. Second Appellate District.—October 26, 1917.]

In re Application by W. L. LEFAVOR, etc. W. L. LEFAVOR, Appellant, v. P. H. LUDOLPH, Respondent.

NEWSPAPER—GENERAL CIRCULATION—SECTION 4460, POLITICAL CODE.— Under section 4460 of the Political Code, defining a newspaper of general circulation to be one established, printed, and published at regular intervals, in the state, county, city, city and county, or town, where such publication is made, for at least one year preceding the date of such publication, a newspaper printed in the city where such paper was circulated and to which it was local, for the one year period with the exception of seven of the weekly issues, which were printed elsewhere for lack of a newspaper plant, is a newspaper of general circulation.

ID.—CHANGING OF NAME—CHARACTER OF NEWSPAPER NOT AFFECTED.— The changing of the name of the newspaper during the one year period by the dropping of a part of the wording in the name does not change the character of the paper nor destroy its identity.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Neighbors, Hoag & Burke, for Appellant.

A. R. Holston, S. C. Schaefer, and Peebles Shoaff, for Respondent.

35 Cal. App.—10

JAMES, J. — Appellant herein petitioned the superior court for the purpose of securing a judgment declaring a newspaper published in the city of Watts to be a newspaper of general circulation, as defined in section 4460 of the Political Code. We quote the section:

"A newspaper of general circulation is a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, having a bona fide subscription list of paying subscribers, and which shall have been established, printed and published at regular intervals, in the state, county, city, city and county, or town, where such publication, notice by publication, or official advertising is given or made, for at least one year preceding the date of such publication, notice or advertisement. A newspaper devoted to the interests, or published for the entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or for any number of such classes, professions, trades, callings, races or denominations when the avowed purpose is to entertain or instruct such classes, is not a newspaper of general circulation."

Section 4462 of the same code contains provisions authorizing this proceeding to be brought. The trial judge determined the facts to be that the newspaper had been published weekly in the city of Watts for the required time, and that it was a newspaper containing general news intelligence as required by the act. A finding followed which recited that the newspaper had been "published and printed" at all such times, "except that for seven issues—being the issues from October 27 to December 8, 1916, inclusive—said newspaper was printed at the city of Redondo Beach, California, and that said newspaper and its proprietor had no press and no newspaper plant at the city of Watts, California, during the time said newspaper was so printed at said Redondo Beach, and that the then owner of the paper never thereafter printed said newspaper at said Watts, California. That a new management began after the said seventh issue, to wit, December 8, 1916, printing said newspaper in the office of the 'Observer' on the press of the 'Observer' at Watts, California." Upon these findings judgment was ordered and entered denying the prayer of the petitioner. From these findings made by the trial judge, it is very apparent that the

only ground upon which the denial of the petition was made was because seven issues of the newspaper were not actually "printed" in the city of Watts. The newspaper was circulated there and was a paper local to that community. We think to construe the statute in such a close and literal sense is to narrow its meaning more than was intended by the legislature. The object to be accomplished was to define newspapers in which public notices might be made and which would fairly express such notices to the particular community intended to be reached. If the trial judge is correct in his conclusion, then in any case where perhaps a very large newspaper having all the characteristics of a public journal for the dissemination of general news, through accident or otherwise, is obliged to have its printing done outside of the city or county, as the case may be, even for one issue, its character as a newspaper of general circulation, within the meaning of the code, would be destroyed. Neither could such a journal establish its character in that respect without proving continuous printing of the same without interruption for the period of at least a year within the prescribed limits. The case of *Bayer* v. *Hoboken*, 44 N. J. L. 131, is directly in point. There a statute required the printing of a notice in a newspaper "printed and published" within the limits of a municipality. The newspaper in which the publication was made was printed altogether on presses in the city of New York, but was distributed in Hoboken. The court held that such a newspaper was "printed and published" as required by the statute. See, also, *Ricketts* v. *Village of Hyde Park*, 85 Ill. 110; *Brown's Estate* v. *West Seattle*, 43 Wash. 26, [85 Pac. 854], which cases are cited in *Stanwood* v. *Carson*, 169 Cal. 640, [147 Pac. 563]. It did appear and was found to be a fact by the court that during the year in question the name of the newspaper was changed from "The Watts Advertiser" to "The Advertiser." The mere dropping of a part of the wording in the name did not change the character of the newspaper, nor destroy its identity.

We think that on the findings of fact as made by the trial judge, the prayer of the petition should have been granted.

The judgment is reversed, with direction to the trial court to enter judgment in favor of petitioner.

Conrey, P. J., and Works, J., *pro tem.*, concurred.